# Exhibit 5

*(to Miller Cert., dated 10/7/21)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------- X

ANDREW ELLNER,                                                    :

        *Plaintiff,*      :

  vs.            :

               :

BREM MOLDOVSKY, L.L.C.;                                           :
BREM MOLDOVSKY, ESQUIRE; and
GERALD POMERANTZ.                                                 :

       *Defendants.*    :

               :

BREM MOLDOVSKY, ESQ.; and                                        :
BREM MOLDOVSKY, LLC,
               :

      *Counterclaim Plaintiffs*  :

  *v.*           :

ANDREW ELLNER.                                                   :

     *Counterclaim Defendant*  :

               :

JONATHAN R. MILLER,                                              :
        *Plaintiff,*    :
  vs.            :

BREM MOLDOVSKY, L.L.C.;                                          :
BREM MOLDOVSKY, ESQUIRE; and
GERALD POMERANTZ.                                                :

        *Defendants.*  :

               :

BREM MOLDOVSKY, ESQ.; and                                       :
BREM MOLDOVSKY, LLC,
               :

     *Counterclaim and Third-* :
      *Party Claim Plaintiffs* :
  *v.*          :
JONATHAN R. MILLER, ESQ.;                                       :

     *Counterclaim Defendant* :

               :

Civil Action No.: 20-6190

**JURY TRIAL DEMANDED**

Civil Action No.: 21-2219

**JURY TRIAL DEMANDED**

|                                   |   |
|-----------------------------------|---|
|                                   | : |
| ANDREW ELLNER;                    | : |
| LIGHTBOX VENTURES, LLC; and       | : |
| LIGHTBOX CAPITAL MANAGEMENT, LLC. | : |
|                                   | : |
| *Third-Party Claim Defendants*    | : |

_____

## DEFENDANTS' UPDATED INITIAL DISCLOSURES

Defendants hereby provide these updated initial disclosures[1] in accordance with Fed. R. Civ. P. 26(a)(1)(A) based upon currently available information.  Defendants reserve and do not waive the right to supplement or amend the following disclosures from time-to-time as the litigation proceeds and upon discovery.  Defendants do not waive any attorney-client privilege, work product or other privilege or immunity.

Disclosures are made by Defendant Gerald Pomerantz, Esquire related only to the claims in which he is named a Defendant.  All Counterclaims and Third-Party claims are brought by Brem Moldovsky, Esquire and Brem Moldovsky, L.L.C. and not by Mr. Pomerantz, which Mr. Miller has acknowledged.  Disclosures related to Counterclaims and Third-Party claims are made by Brem Moldovsky, Esquire and Brem Moldovsky, L.L.C.

## I.     Anticipated Persons Likely to Have Discoverable Information

A.  Brem Moldovsky, Esquire – Defendant, Counterclaim and Third-Party Plaintiff

It is anticipated that Brem Moldovsky, Esq.  will be able to address 1) the basis for the Bucks County lawsuit 2) his information and knowledge as to each instance of probable

_____

[1] The Initial Disclosures in <u>Ellner v. Moldovsky et al.</u>, Civil Action No.: 20-6190 have been updated, however, this is the first disclosure in <u>Miller v. Moldovsky et al.</u>, Civil Action No.: 21-2219

cause for the Complaint against Mr. Ellner and Lightbox as articulated in the Defendants'

Motion to Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 –

55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's

Complaint at ¶42 and as will be elaborated and amended in the course of litigation.; 3) the

appropriateness of service of process pursuant to the laws of Pennsylvania and New York; 4) the

basis for amendments to the Complaint; 5) the viability of the Bucks County claims; 6) the basis

for the unilateral withdrawal of claims; 7) the known circumstances surrounding Mr. Ellner's

wiretaps; 8) the amount of time spent defending against Mr. Ellner, Lightbox, and Mr. Miller's

frivolous litigations against the Defendants, including from the S.D.N.Y., 2d Circuit Court of

Appeals, New York Supreme Court, Bucks County, Pa, the New York Appellate Division and in

the New Jersey Superior Court; 9) the impact of the action on Defendants 10) Mr. Ellner's

claims for damages related to mental and emotional distress related to the Bucks County lawsuit;

11) specific proofs of any damages to Mr. Ellner's reputation as a result of the Bucks County

lawsuit; 12) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of and work with

attorneys and plans to do so extensively and globally 13) the specific claims and allegations of

the Counterclaims and Third-Party Claims including related to Mr. Miller, Mr. Ellner and

Lightbox's ongoing malicious prosecution and tortious abuse, Mr. Miller's malpractice, breaches

of fiduciary duties and breaches of contract, and other causes of action; 14) the facts and basis of

facts that are the basis of the Counterclaims; and 15) information and knowledge as to Mr.

Miller, Mr. Ellner and Lightbox's ongoing malicious prosecution and tortious abuse of the

Defendants that is the center of this litigation.

    B.  Andrew Ellner, Plaintiff, Counterclaim and Third-Party Defendant

It is anticipated that Mr. Ellner will be able to address 1) the specific allegations of his Complaint, including his claim that he only ever called the Moldovsky Defendants on a New York phone number from New York; 2) the instances of probable cause for the Complaint against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss Ellner's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55 and in the Motion at §§ I and IX and at ¶88 and as will be elaborated and amended in the course of litigation; 3) the amount of and extent of and circumstances surrounding his wiretaps; 4) the amount of time spent participating in frivolous litigations against the Defendants, including from the S.D.N.Y., 2d Circuit Court of Appeals, New York Supreme Court, and the New York Appellate Division; 5) the impact of the action on him, including the specific proofs of Mr. Ellner's claims for damages related to mental and emotional distress related to the Bucks County lawsuit; 6) specific proofs of any damages to Mr. Ellner's reputation as a result of the Bucks County lawsuit; 7) the viability of the Bucks County claims; 8) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of and work with attorneys and plans to do so extensively and globally; 9) the specific claims and allegations of the Counterclaims and Third-Party Claims including related to Mr. Miller, Mr. Ellner and Lightbox's ongoing malicious prosecution and tortious abuse, Mr. Miller's malpractice, breached of fiduciary duties and breaches of contract, and other causes of action; and 10) information and knowledge as to Mr. Miller, Mr. Ellner and Lightbox's ongoing malicious prosecution and tortious abuse of the Defendants that is the center of this litigation.

C.  Jonathan R. Miller, Esquire, Plaintiff

It is anticipated that Jonathan Miller, Esq. will be able to address 1) the specific allegations of his complaint; 1) his involvement with or knowledge of the recording and transcriptions and storage of telephone calls and 2) the circumstances of the claims here; and 3)

4

the specific allegations of his Complaint, including Mr. Ellner's claim that he only ever called

the Moldovsky Defendants on a New York phone number from New York; 4) the instances of

probable cause for the Complaint against Mr. Miller, Mr. Ellner and Lightbox as articulated in

the Defendants' Answer at ¶42 and as will be elaborated and amended in the course of litigation;

5) the amount of and extent of and circumstances surrounding his wiretaps; 6) the amount of

time spent participating in frivolous litigations against the Defendants, including from the

S.D.N.Y., 2d Circuit Court of Appeals, New York Supreme Court, and the New York Appellate

Division; 7) the viability of  the Bucks County lawsuit; 8) Mr. Ellner, Jill Ellner, Susan Stein,

and Lightbox's management of and work with attorneys and plans to do so extensively and

globally; 9) the specific claims and allegations of the Counterclaims and Third-Party Claims

including related to Mr. Miller, Mr. Ellner and Lightbox's ongoing malicious prosecution and

tortious abuse, Mr. Miller's malpractice, breached of fiduciary duties and breaches of contract,

and other causes of action; and 10) information and knowledge as to Mr. Miller, Mr. Ellner and

Lightbox's ongoing malicious prosecution and tortious abuse of the Defendants that is the center

of this litigation.

> D.  Lightbox Capital Management LLC and Lightbox Ventures LLC - Counterclaim and
>     Third-Party Defendants

It is anticipated that the Lightbox entities will be able to address 1) the specific

allegations of his Complaint, including his claim that he only ever called the Moldovsky

Defendants on a New York phone number from New York; 2) the instances of probable cause

for the Complaint against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to

Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55 and in

the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's

Complaint at ¶42 and as will be elaborated and amended in the course of litigation; 3) the amount of and extent of and circumstances surrounding his wiretaps; 4) the amount of time spent participating in frivolous litigations against the Defendants, including from the S.D.N.Y., 2d Circuit Court of Appeals, New York Supreme Court, and the New York Appellate Division; 5) the impact of the action on Mr. Ellner, including the specific proofs of Mr. Ellner's claims for damages related to mental and emotional distress related to the Bucks County lawsuit; 6) specific proofs of any damages to Mr. Ellner's reputation as a result of the Bucks County lawsuit; 7) the viability of the Bucks County claims; 8) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of and work with attorneys and plans to do so extensively and globally; 9) the specific claims and allegations of the Counterclaims and Third-Party Claims including related to Mr. Miller, Mr. Ellner and Lightbox's ongoing malicious prosecution and tortious abuse, Mr. Miller's malpractice, breached of fiduciary duties and breaches of contract, and other causes of action; 10) information and knowledge as to Mr. Miller, Mr. Ellner and Lightbox's ongoing malicious prosecution and tortious abuse of the Defendants that is the center of this litigation; 11) the specific amounts paid to Fox Rothschild in connection with the underlying litigation in Bucks County; and 12) the basis for Mr. Ellner to seek the reimbursement of those fees to himself.

E.  Jill Ellner

It is anticipated that the Jill Ellner will be able to address 1) circumstances of phone calls that were potentially made and recorded from her phone line;  2) the scope and extent of her legal work for the Lightbox entities and use of Moldovsky's counsel against it, and the circumstances of the claims here; 3) the specific allegations of his Complaint, including Mr. Ellner's claim that he only ever called the Moldovsky Defendants on a New York phone number

from New York; 4) the instances of probable cause for the Complaint against Mr. Ellner and
Lightbox as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the
Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in
the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and
amended in the course of litigation; 5) the amount of and extent of and circumstances
surrounding his wiretaps; 6) the amount of time spent participating in frivolous litigations against
the Defendants, including from the S.D.N.Y., 2d Circuit Court of Appeals, New York Supreme
Court, and the New York Appellate Division; 7) the impact of the action on Mr. Ellner, including
the specific proofs of Mr. Ellner's claims for damages related to mental and emotional distress
related to the Bucks County lawsuit; 8) specific proofs of any damages to Mr. Ellner's reputation
as a result of the Bucks County lawsuit; 9) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's
management of and work with attorneys and plans to do so extensively and globally;  10) the
viability of the Bucks County claims; 11) the specific claims and allegations of the
Counterclaims and Third-Party Claims including related to Mr. Miller, Mr. Ellner and
Lightbox's ongoing malicious prosecution and tortious abuse, Mr. Miller's malpractice, breached
of fiduciary duties and breaches of contract, and other causes of action; and 12) information and
knowledge as to Mr. Miller, Mr. Ellner and Lightbox's ongoing malicious prosecution and
tortious abuse of the Defendants that is the center of this litigation.

 F.  Susan Stein

 It is anticipated that the Susan Stein will be able to address 1) the extent and nature of her
involvement with the Lightbox entities;  2) the extent of her knowledge of and work for Lightbox
in connection with the underlying litigation in Bucks County; 3) the specific allegations of his
Complaint, including Mr. Ellner's claim that he only ever called the Moldovsky Defendants on a

New York phone number from New York; 4) the instances of probable cause for the Complaint

against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss Plaintiff's

Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and

IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be

elaborated and amended in the course of litigation; 5) the amount of and extent of and

circumstances surrounding his wiretaps; 6) the amount of time spent participating in frivolous

litigations against the Defendants, including from the S.D.N.Y., 2d Circuit Court of Appeals,

New York Supreme Court, and the New York Appellate Division; 7) the impact of the action on

Mr. Ellner, including the specific proofs of Mr. Ellner's claims for damages related to mental and

emotional distress related to the Bucks County lawsuit; 8) specific proofs of any damages to Mr.

Ellner's reputation as a result of the Bucks County lawsuit;  9) Mr. Ellner, Jill Ellner, Susan

Stein, and Lightbox's management of and work with attorneys and plans to do so extensively and

globally; 10) the viability of the Bucks County claims; and 11) information and knowledge as to

Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants that is the center of this

litigation.

      G.  Emma Kline, Esquire

           It is anticipated that Emma Klein, Esq.  will be able to address 1) her statements

directly to Mr. Moldovsky in the courthouse on August 20, 2019 and possibly in phone calls and

written correspondence about the phone call transcripts and recordings, storage and holding of

them, Ellner's representations regarding them, their knowledge as to the potential illegality of

them and their taking measures to make sure they would not touch them;  2) the circumstances of

the claims here; 3) her information and knowledge as to each instance of probable cause for the

Complaint against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss

Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in the course of litigation; 4) the viability of the Bucks County claims; 5) information and knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants that is the center of this litigation; 6) specific proofs of any damages to Mr. Ellner's reputation as a result of the Bucks County lawsuit; 7) the viability of the Bucks County claims; 8) the specific amounts paid to Fox Rothschild in connection with the underlying litigation in Bucks County; and 9) the basis for Mr. Ellner to seek the reimbursement of those fees to himself.

H.  Samuel Stretton, Esquire

It is anticipated that Samuel Stretton, Esq.  will be able to address the basis of his opinion and reports confirming that Mr. Miller had committed malpractice and breaches of his fiduciary duties against the Moldovsky Defendants;  2) the instances of probable cause for the Complaint against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in the course of litigation; 3) the viability of the Bucks County claims; and 4) information and knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants that is the center of this litigation.

I.   Gerald Pomerantz, Esquire - Defendant

It is anticipated that Gerald Pomerantz, Esq.  will be able to address 1) the basis for his entry in the Bucks County lawsuit 2) the scope of his representation in that matter; 3) his information and knowledge as to each instance of probable cause for the Complaint against Mr.

Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in the course of litigation; 4) the basis for amendments to the Complaint; 5) the viability of the Bucks County claims;  6) the basis for the unilateral withdrawal of claims; and 7) information and knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants.

     J.   Richard J. J. Scarola, Esquire

     It is anticipated that Richard J.J. Scarola , Esq.  will be able to address 1) his information and knowledge as to the instances of probable cause for the Complaint against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in the course of litigation;  2) the similarity of his and his firm's experiences with Mr. Ellner and Lightbox; 3) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of and work with attorneys and plans to do so extensively and globally; and 4) information and knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants.

     K.  Alexander Zubatov, Esquire

     It is anticipated that Alexander Zubatov, Esq. will be able to address 1) his information and knowledge as to the instances of probable cause for the Complaint against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and

amended in the course of litigation; 2) the similarity of his and his firm's experiences with Mr.
Ellner and Lightbox; 3) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of and
work with attorneys and plans to do so extensively and globally;  and 4) information and
knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants.

    L.   Philip Byron Jones, Esquire

    It is anticipated that Phillip B. Jones , Esq.  will be able to address 1) his information and
knowledge as to  instances of probable cause for the Complaint against Mr. Ellner and Lightbox
as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of
Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the
Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in
the course of litigation; 2) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of
and work with attorneys and plans to do so extensively and globally; and 3) information and
knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants.

    M.  Thomas Kelly, Esquire

    It is anticipated that Thomas Kelly , Esq.  will be able to address 1) his information and
knowledge as to  instances of probable cause for the Complaint against Mr. Ellner and Lightbox
as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of
Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the
Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in
the course of litigation; 2) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of
and work with attorneys and plans to do so extensively and globally; and 3) information and
knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants.

    N.  Wade Shealy

It is anticipated that Phillip B. Jones , Esq.  will be able to address 1) his information and knowledge as to  instances of probable cause for the Complaint against Mr. Ellner and Lightbox as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in the course of litigation; 2) Mr. Ellner, Jill Ellner, Susan Stein, and Lightbox's management of and work with attorneys and plans to do so extensively and globally;  and 3) information and knowledge as to Mr. Ellner and Lightbox's pattern of ongoing malicious abuse.

O.  Wong Fleming (Linda Wong, Esquire, Daniel Fleming, Esquire or another qualified and knowledgeable Partner)

It is anticipated that Wong Fleming will be able to address 1) their information and knowledge as to instances of probable cause for the Complaint against Mr. Miller as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in the course of litigation; 2) Mr. Miller's pattern of turning clients against his colleagues, frivolous litigation against his prior colleagues and employers, and abusive behavior; 3) Mr. Miller's fitness to practice law; and 4) information and knowledge as to Mr. Miller's pattern of ongoing malicious abuse.

P.  Faegre Drinker Biddle & Reath LLP

In is anticipated that Faegre Drinker Biddle & Reath LLP will be able to address 1) their information and knowledge as to instances of probable cause for the Complaint against Mr. Miller as articulated in the Defendants' Motion to Dismiss Plaintiff's Complaint, in the

Declaration of Brem Moldovsky, Esq. at ¶¶45 – 55, in the Motion at §§ I and IX and at ¶88, in the in the Defendants' Answer to Mr. Miller's Complaint at ¶42 and as will be elaborated and amended in the course of litigation; 2) Mr. Miller's pattern of turning clients against his colleagues, frivolous litigation against his prior colleagues and employers, and abusive behavior; 3) Mr. Miller's fitness to practice law; and 4) information and knowledge as to Mr. Miller's pattern of ongoing malicious abuse.

Q.  Sheri Forney

It is anticipated that Sheri Forney will be able to address 1) Ms. Klein's statements directly to Mr. Moldovsky about the phone call transcripts and recordings, storage and holding of them, Ellner's representations regarding them, their knowledge as to the potential illegality of them and their taking measures to make sure they would not touch them; and 2) information and knowledge as to Mr. Ellner and Lightbox's ongoing malicious abuse of the Defendants.

R.  Scott Miller, Esquire

It is anticipated that Scott Miller, Esquire will be able to address 1) that basis for Mr. Miller's requests for damages related to emotional distress; 2) the facts and circumstances of Mr. Miller's termination from Wong Fleming, P. Faegre Drinker Biddle & Reath LLP, and Mr. Miller's fraudulent concealment of it from Mr. Moldovsky and the Moldovsky Firm;  3) the facts and circumstances of Mr. Miller's frauds committed against the Moldovsky Firm and Mr. Moldovsky; 4) Mr. Miller's pattern of turning clients against his colleagues, frivolous litigation against his prior colleagues and employers, malicious prosecution, and abusive behavior;

S.  Jean O'Connor

It is anticipated that Jean O'Connor will be able to address 1) that basis for Mr. Miller's requests for damages related to emotional distress; 2) the facts and circumstances of Mr. Miller's

conduct at and termination from termination from Wong Fleming related to Mr. Miller's misrepresentations about it.

    T.  Melissa Held

It is anticipated that Melissa Held will be able to address 1) that basis for Mr. Miller's requests for damages related to emotional distress; 2) conduct at and termination from termination from Wong Fleming related to Mr. Miller's misrepresentations about it; and 3) Mr. Miller's fitness to practice law.

Defendants reserve the right to seek additional discovery as the matter progresses based on the pleadings and discovery and to amend this list from time-to-time as necessary.

## II.    Documents in Defendants' Possession that May Be Used to Support Claims or Defenses

The categories of documents and specific documents that follow may be used to support the Defendants positions and are currently in Defendants' control:

1. Pleadings and documents of record, exhibits, orders, motions and all other documents from the Bucks County action and other related actions in the New York Supreme Court, the New York Appellate Division, the New Jersey Superior Court, the New York and Pennsylvania Federal Courts and Second Circuit Court of Appeals;

2. Non-privileged and some privileged correspondence as allowed by the ethical rules between the parties, and between the parties' counsel related to the Bucks County action, the 3rd Home S.D.N.Y. litigation, Second Circuit litigation, the New York Supreme Court litigation, the New York Appellate Court litigation, Mr. Miller's New Jersey litigation, and this litigation;

3. Phone records demonstrating Mr. Ellner made phone calls to a Pennsylvania phone line;

4. The two expert opinion letters of Samuel Stretton, Esquire as to malpractice;

5. The transcript of the August 20, 2019 oral argument before Judge Baldi in the Bucks County action;

6. All documents submitted as evidence related to Defendants' motions to dismiss and to the Moldovsky Firm and Brem Moldovsky's Counterclaims and Third-Party Claims; and

7. Plaintiffs reserve the right to amend this list to accommodate and include any other documents that become available in the course of the litigation.

## III.   Computation of Damages

Defendants have alleged damages in excess of $1,000,000 in their counterclaims and third-party claims that have occurred as a result of time spent defending against Mr. Ellner, Mr. Miller and Lightbox's malicious, frivolous, and abusive proceedings including Mr. Miller's breaches leading to necessary motions to disqualify his as counsel,  the frivolous allegations of the Southern District of New York Interpleader Complaint, the frivolous and unfounded Second Circuit Appeal, elements of the New York Supreme Court Litigation and Appellate Department Litigation including but not limited to Lightbox's frivolous crossclaims, repeated sanctions motions, and requests for a TRO without standing, frivolous elements of the Bucks County Action including but not limited to evasion of service and evasion of discovery, Mr. Miller's entire New Jersey matter, and Mr. Miller and Mr. Ellners' frivolous Eastern District of Pennsylvania litigations and others as follows:

1. One group of damages relates to Malicious Prosecution and Perversion of Process, Deceit and Collusion, Unauthorized Practice of Law, Misrepresentations, Torts, (and aiding and abetting it) (Counts I, II, III, IV, V, X, XVI, XVIII) based on the malicious and wrongful abuse of the legal system and related misrepresentations during spring/summer 2018 and ongoing. Damages computed based on lost attorney and paralegal time at rates determined by Judge Cote to be reasonable, $400 per hour[2] for attorney time for approximately 1800 hours and $150 per hour for paralegal time for approximately 1200 hours, time spent defending and mitigating against these claims, allegations and actions, time lost due to dealing with them, litigating related to them, not being able to work on or take on other matters, and other costs etc. is at least in excess of $900,000.00 and ongoing. There are related costs in excess of $3,000.00 computed based on filing fees and other costs that are still being determined as shown in Exhibit "A", attached, which will be updated to include all costs;

2. A second group of damages relates to Mr. Miller's Malpractice, Breaches of Fiduciary Duties, and Breaches of Contract (and aiding and abetting of it by other third-party Defendants) (Counts X, IX, XI, XV, XVI) during approximately fall 2017 and ongoing. Damages computed based on lost attorney and paralegal time at rates determined by Judge Cote to be reasonable, $400 per hour for attorney time for approximately 1800 hours and $150 per hour for paralegal time for approximately 1200 hours, time spent

---

[2] The Moldovsky Defendants recognize that the $400 figure came from Judge Cote, but the rate should certainly not be less that the $250 - $360 range.

defending and mitigating against these claims, allegations and actions, time lost due to dealing with them, litigating related to them, not being able to work on or take on other matters, and other costs etc. is at least in excess of $900,000.00 and ongoing.  There are related costs in excess of $3,000.00 computed based on filing fees and other costs that are still being determined as shown in Exhibit "A", attached, which will be updated to include all costs;

3.  A third group of damages relates to Mr. Miller's Tortious Frauds, Consumer Fraud, Fraudulent Inducement, Misrepresentations (Counts V, VIII, IX, X, XII, XIII, XIV, XVIII) during approximately 2014/2015 and ongoing, however, discovery of vital information bringing about awareness was during late 2019 and ongoing from 2014/2015.  Damages computed based on lost attorney and paralegal time at rates determined by Judge Cote to be reasonable, $400 per hour for attorney time for approximately 1800 hours and $150 per hour for paralegal time for approximately 1200 hours, time spent defending and mitigating against these claims, allegations and actions, time lost due to dealing with them, litigating related to them, not being able to work on or take on other matters, and other costs etc. is at least in excess of $900,000.00 and ongoing.  There are related costs in excess of $3,000.00 computed based on filing fees and other costs that are still being determined as shown in Exhibit "A", attached, which will be updated to include all costs;

4.  A fourth group of damages relates to Tortious Interference (and aiding and abetting of it) (Counts  V, VII, XVI, XVIII) based on knowingly and harmfully destroying the Plaintiff's business contractual and client

relationships during 2017 and ongoing.  Damages computed based on lost attorney and paralegal time at rates determined by Judge Cote to be reasonable, $400 per hour for attorney time for approximately 1800 hours and $150 per hour for paralegal time for approximately 1200 hours, time spent defending and mitigating against these claims, allegations and actions, time lost due to dealing with them, litigating related to them, not being able to work on or take on other matters, and other costs etc. is at least in excess of $900,000.00 and ongoing.  There are related costs in excess of $3,000.00 computed based on filing fees and other costs that are still being determined as shown in Exhibit "A", attached, which will be updated to include all costs;

5. A fifth group of damages relates to Defamation and libel (and aiding and abetting of it) (Counts V,VI, XVI, XVIII) based on harmful and malicious statements and publications during approximately 2018 and ongoing. Damages computed based on lost attorney and paralegal time at rates determined by Judge Cote to be reasonable, $400 attorney for 100 hours and $150 per hour for paralegal time for 100 hours, time spent defending these claims, time lost due to litigating related to them, and other costs etc. is at least in excess of $55,000 and ongoing.  There are costs in excess of $3,000.00 computed based on filing fees and other costs that are still being determined as shown in Exhibit "A", attached, which will be updated to include all costs, some of which may be related to this group of damages;

6. A sixth group of damages relates to Equitable Causes of action (XIX, XX) during 2018 and ongoing.  Damages computed based on lost attorney and

paralegal time at rates determined by Judge Cote to be reasonable, $400 per

hour for attorney time for approximately 1800 hours and $150 per hour for

paralegal time for approximately 1200 hours, time spent defending and

mitigating against these claims, allegations and actions, time lost due to

dealing with them, litigating related to them, not being able to work on or take

on other matters, and other costs etc. is at least in excess of $900,000.00 and

ongoing.  There are related costs in excess of $3,000.00 computed based on

filing fees and other costs that are still being determined as shown in Exhibit

"A", attached, which will be updated to include all costs; and

7. A seventh group of damages relates to Piercing the Corporate Veil against the

Andrew and Jill Ellner and the Lightbox Entities (Counterclaim XVI) based

on their domination and control of the Lightbox entities during 2017 and

ongoing, and contractual indemnification by Andrew Ellner and Lightbox

pursuant to their agreement with the Moldovsky Firm and a declaratory

judgment that the agreement is enforceable (Third-Party claims I and II).

Damages computed based on lost attorney and paralegal time at rates

determined by Judge Cote to be reasonable, $400 per hour for attorney time

for approximately 1800 hours and $150 per hour for paralegal time for

approximately 1200 hours, time spent defending and mitigating against these

claims, allegations and actions, time lost due to dealing with them, litigating

related to them, not being able to work on or take on other matters, and other

costs etc. is at least in excess of $900,000.00 and ongoing.  There are related

costs in excess of $3,000.00 computed based on filing fees and other costs that

are still being determined as shown in Exhibit "A", attached, which will be updated to include all costs; and

8.  As stated, there damages based on costs in excess of $3,000 as shown in the attached Exhibit "A" which will continue to be updated and will be provided and shown as appropriate.

## IV.   Available Insurance

Defendants Brem Moldovsky and Brem Moldovsky, L.L.C. maintain an insurance policy, however, there is no coverage for these claims.

## V.   Identification of Experts and Their Opinions

Defendants intend to call Mr. Stretton to speak to the basis and substance of his opinion as to the malpractice, conflicts of interests, and breaches of fiduciary duties by Mr. Miller.  The Defendants reserve the right to obtain additional experts as necessary related to the claims against them and the Moldovsky Firm and Brem Moldovsky reserve the right to obtain and disclose additional expert opinions.

Defendants reserve the right to make further expert disclosures in accordance with the Court's Scheduling Order.

Disclosures are made by Defendant Gerald Pomerantz, Esquire related only to the claims in which he is named a Defendant.  All Counterclaims and Third-Party claims are brought by Brem Moldovsky, Esquire and Brem Moldovsky, L.L.C. and not by Mr. Pomerantz, which Mr. Miller has acknowledged.  Disclosures related to Counterclaims and Third-Party claims are made by Brem Moldovsky, Esquire and Brem Moldovsky, L.L.C.

Date: August 4, 2021

_____

Brem Moldovsky, Esq.
Brem Moldovsky, L.L.C.
*Attorney pro se and for Defendant Brem Moldovsky, LLC,*
*Crossclaim Plaintiffs, and Third Party Plaintiffs*

100 N. 18th Street
Suite 300
Philadelphia, PA 19103

By:

_____

Gerald J. Pomerantz, Esquire
*Attorney pro se related to claims by Mr. Ellner*
*And Mr. Miller*
The Coventry House
7301 Coventry Avenue, Ste. 501
Elkins Park, PA 19027

# Exhibit "A"

| Date | Fee | Document | ECF Doc # |
|------|-----|----------|-----------|
| 3/7/2019 | $45.00 | Notice of Motion to Disqualify | 347 |
| 4/16/2019 | $45.00 | Notice of Motion for Confidentiality Order | 440 |
| 8/7/2019 | $65.00 | Notice of Appeal (Disqualification) | 547 |
| 2/6/2020 | $45.00 | Notice of Motion to Dismiss Crossclaims | 756 |
| 5/4/2020 | $65.00 | Notice of Appeal (TRO) | 915 |
| | **$265.00** | | |

**APPEAL 2019-03384 (DISQUALIFICATION)**

| Date | Fee | Document | ECF Doc # |
|------|-----|----------|-----------|
| 5/28/2020 | $45.00 | Motion to Disqualify, Consolidate, be Respondent | 8 |
| 7/2/2020 | $45.00 | Motion for Leave to Supplement and for Judicial Notice | 20 |
| | **$90.00** | | |

**APPEAL 2020-02530 (TRO)**

| Date | Fee | Document | ECF Doc # |
|------|-----|----------|-----------|
| 11/20/2020 | $45.00 | Motion for an Extention of Time | 23 |
| 1/25/2021 | $45.00 | Motion to Consolidate and Strike | 39 |
| | **$90.00** | | |

**APPEAL 2021-01947 (LIGHTBOX SANCTIONS/DISMISSAL)**

| Date | Fee | Document | ECF Doc # |
|------|-----|----------|-----------|
| 6/3/2021 | $46.35 | Motion to Dismiss | 3 |
| 7/16/2021 | $46.35 | Motion or Notice | 16 |
| | **$92.70** | | |

**2d Circuit Appeal**

| Date | Fee | Document | ECF Doc # |
|------|-----|----------|-----------|
| 1/28/2021 | $640.00 | ORDER RE: Bill of Costs | |
| | **$640.00** | | |

**Miller New Jersey Matter**

| Date | Fee | Document | ECF Doc # |
|------|-----|----------|-----------|
| 6/4/2021 | $125.00 | Entry and Response to OTSC | |
| 6/17/2021 | $50.00 | Motion to Dismiss Complaint | |
| | **$175.00** | | |

**Miller/Ellner EDPA Matter**

| Date | Fee | Document | ECF Doc # |
|------|-----|----------|-----------|
| 5/28/2021 | $684.00 | Service of Process | |
| 5/28/2021 | $1,307.00 | Service of Process | |
| | **$1,991.00** | | |

**TOTAL:**  **$3,343.70**